**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLEVE JONES,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER NAVIA, ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 09-cv-6968<br>Judge Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Pro se Plaintiff Cleve Jones filed a seven-count complaint alleging that various Illinois law enforcement officers and municipalities, as well as a state's attorney, violated federal and state laws in connection with his arrest, detention, and eventual conviction for crimes related to his possession of a stolen vehicle. Presently before us are Defendants' motions to dismiss for failure to state a claim.[1] For the reasons discussed below, we grant their motions in part and deny them in part. We also deny Plaintiff's motion to amend the Complaint (Dkt. No. 68).

[1] The following Defendants filed motions to dismiss: dispatcher for the Bloomington Police Department (Dkt. No. 27); City of Chicago, Officer Cho, Officer Navia, and Officer Supervisor Bara (Dkt. No. 42); and Cook County and Cook County State's Attorney (Dkt. No. 56). Plaintiff has not served the following Defendants and we thus lack jurisdiction over them: Officer Valcanski, Officer Brown, Melissa J. Frohm (Dkt. No. 36), Chad Lommatsch (Dkt. No. 37), as well as a state's attorney (Dkt. No. 16) and dispatcher for the Chicago Police Department (Dkt. No. 17). The following parties have responded to the Complaint, but have not filed motions to dismiss: City of Bloomington (Dkt. No. 35), Officer Supervisor McCoy (Dkt. No. 20), Officer Buchanan (Dkt. No. 21), and Detective Sergeant Scott (Dkt. No. 19). Although the parties comprising the latter two groups did not file motions to dismiss, all legal conclusions contained in this opinion apply to them, as indicated below.

**BACKGROUND**

At approximately 12:52 a.m. on November 6, 2007, Officers Navia and Cho ("Arresting Officers") stopped Plaintiff while he was driving a car near the intersection of 111th St. and Michigan Ave. in Chicago. (Compl. ¶ 1.) Arresting Officers radioed the dispatcher to report they had made the stop on the basis of a "flash zoned message" they had received from another unit. (*Id*. ¶ 3.) Plaintiff alleges that Arresting Officers were lying to the dispatcher and that the message had never actually existed. (*Id*.) Plaintiff claims that Arresting Officers then searched Plaintiff and the car without Plaintiff's consent, handcuffed him, and placed him in the back of their squad car. (*Id*. ¶¶ 5–6.) During the arrest, Officers Valcanski and Brown ("Assisting Officers") looked on. (*Id*. ¶ 7.) Navia and Cho again radioed dispatch to say that the stop and search had been made based on a "flash zoned message" received from another unit—comprised of Officers Webb, Chatys, and Poradzisz—which had identified the car Plaintiff was driving as one that had been reported stolen two days prior on November 4, 2007. (*Id*. ¶ 6.) Plaintiff alleges that Arresting Officers were again lying, and contends that it was impossible for this particular unit to send the message, because the officers were "performing police functions with a female at a remote location" at the time.[2] (*Id*.) Arresting Officers then took Plaintiff to the Fifth District Police Department. (*Id*. ¶ 8.)

According to Plaintiff, Arresting Officers next checked the status of the vehicle Plaintiff had been driving. (*Id*. ¶¶ 10–11.) He alleges Arresting Officers only then discovered the car had

[2] Plaintiff alleges Navia lied when he entered similar sworn testimony a week after the incident and that Navia said the stop was made on the basis of the message in order to "fabricate[] probable cause to justify the intrusion." (Compl. ¶ 22.) Plaintiff also claims that in "October 2007," Navia, Cho, Webb, and Chatys entered similar false testimony regarding the existence of the message. Plaintiff's timeline is irreconcilable with other facts in the Complaint as this testimony would pre-date the November 6, 2007 traffic stop and arrest. (*Id*. ¶ 24.)

been reported stolen based on a November 4, 2007 police report filed by Melissa J. Frohm, the owner of the vehicle, and recorded by Officer Buchanan of the Bloomington Police Department. (*Id*.) According to Plaintiff, various inconsistencies in this police report should have made Buchanan aware that Frohm's report was fabricated. (*Id*. ¶ 14.) Plaintiff claims Arresting Officers and an unnamed assistant state's attorney, while knowing Frohm fabricated the police report, used the report and other evidence to hold Plaintiff at the station and charge him with crimes related to the theft of Frohm's vehicle and various possessions. (*Id*. ¶¶ 12–15.) Plaintiff alleges they did so to cover up the fact that Frohm had given Buchanan a false report on November 4. (*Id*. ¶ 15.) Officer Bara approved the incident reports and complaints against Plaintiff. (*Id*. ¶ 16.) Plaintiff claims Officer Timmothy McCoy had approved Frohm's initial police report though he knew it was "unreasonable," and Detective Sergeant Scott and an unnamed dispatcher allowed it to happen despite knowledge that the report was flawed. (*Id*. ¶¶ 17, 20.) Plaintiff alleges that an unnamed Cook County state's attorney knowingly used the falsified police report and other evidence to maliciously prosecute the Plaintiff. (*Id*. ¶ 16.) Plaintiff further alleges that unwritten policies of both the City of Bloomington and the City of Chicago ("Cities") created a culture that contributed to the previously-mentioned actions of the police officers and state's attorneys. (*Id*. ¶ 25.) Plaintiff pled guilty to an amended charge of attempted possession of a stolen motor vehicle in response to the charges he faced stemming from this incident. (*Id*. ¶ 30.)

On November 5, 2009, Jones filed a Complaint against Arresting Officers, Assisting Officers, Cities, Cook County, state's attorneys for the Chicago Police Department[3] and Cook

[3] To the extent that Plaintiff suggests that the Chicago Police Department has its own state's attorney, he is mistaken, as no such entity exists. We interpret the complaint liberally and

County ("State's Attorneys"), Melissa J. Frohm and her boyfriend Chad Lommatsch; and Officer Supervisor Bara, Officer Supervisor McCoy, Officer Buchanan, Detective Sergeant Scott, and dispatchers for the Chicago and Bloomington Police Departments ("Supervisors"). As we noted in our Order granting Plaintiff's motion to proceed *in forma pauperis* ("IFP"), the Complaint's lack of clarity makes it difficult to analyze. (1/13/10 Order, Dkt. No. 11.) Nonetheless, because Jones is proceeding pro se, we have a responsibility to construe the Complaint liberally. *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). It is the "well established duty of the trial court to ensure that the claims of a pro se litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987).

As best we can determine, Jones's Complaint alleges seven claims: false arrest under 42 U.S.C § 1983 against Arresting Officers (Count I); failure to intervene during a false arrest against Assisting Officers (Count II); conspiracy to commit a civil rights violation under §1985(3) against all Defendants (Count III); failure to prevent a civil rights violation under §1986 against Assisting Officers and Supervisors (Count IV); a *Monell* claim against Cities and Cook County (Count V); false imprisonment claims under § 1983 and Illinois state law against Arresting Officers and State's Attorneys (Count VI); and a malicious prosecution claim under Illinois state law against Arresting Officers and State's Attorneys (Count VII). Plaintiff filed his application to proceed IFP on November 5, 2009, which we granted.[4] (*See* 1/13/10 Order, Dkt.

assume that Plaintiff is referring to two different Cook County assistant state's attorneys, defined above as "State's Attorneys" for purposes of this analysis.

[4] Plaintiff argues that by granting his motion for IFP we have "determined the fact that the complaint sufficiently states a claim . . . under the standards of 28 U.S.C. § 1915 and Rule 12(b)(6)." (6/3/10 Mot. to Strike, Dkt. No. 47.) Plaintiff misinterprets the IFP order and its significance. That order involved only a cursory review of Plaintiff's Complaint and does not preclude Defendants from raising legal arguments for dismissal in a 12(b)(6) motion. Defendants have done so and now we evaluate the sufficiency of the Complaint in depth.

No. 11.) Defendants Arresting Officers, City of Chicago, Supervisor Bara, dispatcher for the Bloomington Police Department, the State's Attorney for Cook County, and Cook County now move to dismiss all claims against them. We consider these motions below in Part I.

On September 16, 2010, Plaintiff filed a motion to amend his Complaint, seeking to add Officers Brown, Valcanski, Webb, Chatys, and Poradzisz to the caption of the Complaint and arrange service of process. (Dkt. No. 68, Pl.'s Mot. at 2 ¶ 4.) He also requested that we subpoena the last known addresses of Defendants Frohm and Lommatsch, presumably so they can be served as well. (*Id*. ¶ 6.) We consider this motion below in Part II.

## I. DEFENDANTS' MOTIONS TO DISMISS

### STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the Complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (extending *Twombly* from antitrust to litigation generally and stating that a court's determination "whether a complaint states a plausible claim for relief will . . . be a context-specific task"); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964; *see also* Fed. R. Civ. P. 8(a). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the Complaint as true and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 129 S. Ct. at 1949–50; *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

## ANALYSIS

### A. Conspiracy to Violate Civil Rights and Neglect to Prevent (Counts III and IV)

Plaintiff alleges that all Defendants conspired to violate his civil rights and that certain Defendants neglected to prevent the conspiracy. (Compl. ¶¶ 32–40.) To state a claim for conspiracy to deprive an individual of their civil rights under 42 U.S.C. § 1985(3), a plaintiff must allege class-based animus. *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995) (explaining that § 1985(3) requires an allegation of "class-based invidious discriminatory animus"); *Wright v. Illinois Dep't. of Children & Family Servs.*, 40 F.3d 1492, 1507 (7th Cir. 1994). In addition to class-based animus, a plaintiff must also allege: "(1) the existence of a conspiracy, . . . [(2)] an act in furtherance of the alleged conspiracy, and [(3)] an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1024 (7th Cir. 2000). Here, Plaintiff fails to allege that any Defendant conspired against him on the basis of class or race and therefore his § 1985 claim must fail.

Since Plaintiff's § 1985 claim has been dismissed, his § 1986 claim for neglect to prevent a civil rights violation must fail as well. Section 1986 establishes liability for "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [§ 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so." 42 U.S.C. § 1986. A § 1986 claim cannot survive without an underlying § 1985 claim. *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 643 (7th Cir. 2006) ("[T]o be actionable, [§ 1986] requires a violation of § 1985."); *Grimes v. Smith*, 776 F.2d 1359, 1363 n. 4 (7th Cir. 1985) ("[L]iability under § 1986 is derivative of § 1985(3); without a violation of § 1985(3), there can be no violation of § 1986."). Accordingly, Count III is dismissed as to all Defendants, and Count IV is dismissed as to all relevant parties, including Assisting Officers and Supervisors.

**B. False Imprisonment (Count VI)**

**1. Federal § 1983 Claim**

Plaintiff admits that he pled guilty to attempted possession of a stolen motor vehicle and spent time in the Illinois prison system for that offense. (Compl. ¶ 30.) Therefore, we must be mindful of whether permitting his § 1983 claim for false imprisonment "would undermine a criminal conviction if vindicated." *Wallace v. City of Chi.*, 440 F.3d 421, 425 (7th Cir. 2006) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372 (1994)). In *Heck*, the Supreme Court held that a § 1983 claim that "would necessarily imply the invalidity of conviction or sentence," cannot be brought until the conviction has been invalidated. 512 U.S. at 487, 114 S. Ct. at 2372; *see also Wallace*, 440 F.3d at 425. Since Plaintiff cannot show that his

conviction has been overturned, under *Heck* his § 1983 claim for false imprisonment cannot survive.[5]

### 2. Illinois State Law Claim

In addition, Plaintiff's state law claim for false imprisonment is time-barred. The Illinois Local Government and Governmental Employees Tort Immunity Act provides that "no civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101; *see also Long v. Williams*, 155 F. Supp. 2d 938, 943 (N.D. Ill. 2001). Thus, the relevant statute of limitations for Plaintiff's state law claims is one year. Examining Illinois law, we find that Illinois false imprisonment claims generally accrue at the time of arrest because that is when the plaintiff becomes aware, or at least reasonably should be aware, of his injury. *See Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006); *Hill v. City of Chi.*, No. 06 C 6772, 2007 WL 1424211, at *5 (N.D. Ill. May 10, 2007) (finding that false imprisonment claim accrued at time of arrest). Here, Plaintiff was arrested on November 6, 2007, and filed his Complaint two years later on November 5, 2009. Since his

[5] Plaintiff argues that "since the state nolled the theft charge and offered to amend the possession charge . . . the charges actually used to hold the plaintiff in custody could be reasonably determined as terminated in the favor of the plaintiff." (Compl. ¶¶ 28–29.) Defendants correctly argue that the charge Plaintiff admits he pled guilty to is closely-related to the charge for which he was arrested. *See Williams v. Jaglowski*, 269 F.3d 778, 783 (7th Cir. 2001) (quoting *Richardson v. Bonds*, 860 F.2d 1427, 1431 (7th Cir. 1988)) (explaining that a charge will be considered "closely-related" if it "can reasonably be based on the same set of facts that gave rise to the arrest and . . . is one that 'would [have recommended] itself to a reasonable police officer acting in good faith' at the time the arrest was made").) The amended charge of attempted possession of a stolen motor vehicle, to which Plaintiff pled guilty, arose out of the same set of facts that gave rise to the detention challenged here. Because a ruling for Plaintiff here would imply the invalidity of the amended charge, this claim cannot survive pursuant to the holding in *Heck*.

claim accrued on November 6, 2007, it is time-barred. Accordingly, we dismiss Count VI as to all relevant parties, including Arresting Officers and State's Attorneys.

### C. Malicious Prosecution (Count V)

In order to state a claim for malicious prosecution under Illinois law, a plaintiff must allege that "(1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Sneed v. Rybicki*, 146 F.3d 478, 480–81 (7th Cir. 1998) (quoting *Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996)). Plaintiff cannot show that the proceedings were terminated in his favor, because, as stated in the Complaint, he pled guilty to attempted possession of a stolen motor vehicle. (Compl. ¶ 30; *see also* Dkt. No. 42, Defs.' Mot., Ex. A at 6 (indicating that Plaintiff pled guilty on July 22, 2009).) Since plaintiff cannot satisfy the fourth element above, his state law claim for malicious prosecution fails. Accordingly, we dismiss Count V as to all relevant parties, including Arresting Officers and State's Attorneys.

### D. *Monell* Claim (Count VII)

Plaintiff alleges that Cities and Cook County "knew or should have known" that their police officers and state's attorneys were utilizing tactics that led to a violation of his constitutional rights. (Compl. ¶ 25.)

In *Monell v. Department of Social Services*, the Supreme Court held that a local governmental unit can be directly liable under § 1983 when the "execution of a government's policy or custom" inflicts the constitutional injury at issue in the case. 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). To state a § 1983 claim against a municipality, "the complaint must

allege that an official policy or custom not only caused the constitutional violation, but was the 'moving force' behind it." *Estate of Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). There are three methods by which a plaintiff can demonstrate an official policy or custom: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id*. at 515 (citing *Lewis v. City of Chi.*, 496 F.3d 645, 656 (7th Cir. 2007)). "[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203 (1989); *Estate of Sims*, 506 F.3d at 515.

Plaintiff's claims here amount to little more than "boilerplate allegations" that Cities and Cook County policymakers knew of and tacitly supported unspecified customs. *Eckert v. City of Chi.*, No. 08 C 7397, 2009 WL 1409707, at *6 (N.D. Ill. May 20, 2009) (noting that a plaintiff "must provide more than boilerplate allegations to survive a motion to dismiss"). Therefore, he fails to state a claim upon which relief can be granted under *Monell*. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, we dismiss Count VII as to all relevant parties, including Cities and Cook County.

**E. False Arrest (Count I)**

"The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures.'" *United States v.*

*Jackson*, 598 F.3d 340, 346 (7th Cir. 2010) (quoting U.S. Const. amend. IV). "The essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was retained or arrested by the defendant[s], and that the defendant[s] acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 474, 564 N.E.2d 1222, 1231 (Ill. 1990); *see also Schor v. Daley*, 563 F. Supp. 2d 893, 900 (N.D. Ill. 2008). It is uncontested that Jones was arrested and thus seized within the meaning of the Fourth Amendment. The central question is whether that seizure was reasonable.

An arrest made with probable cause is reasonable. *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 622 (7th Cir. 2010). "Probable cause is an absolute bar to a claim of false arrest asserted under the Fourth Amendment and Section 1983." *Id.* (citing *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009)). Probable cause exists "when the facts and circumstances that are known to [an officer] reasonably support a belief that the individual has committed, is committing, or is about to commit a crime." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). For example, when "a reasonably credible victim informs the police that someone has committed a crime, the police have probable cause to arrest the alleged culprit." *United States v. Hayden*, 353 Fed. App'x 55, 57 (7th Cir. 2009) (citing *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007)).

Defendants argue that Plaintiff's § 1983 claim for false arrest should be barred under *Heck*. However, in *Heck* the Court explained that some § 1983 claims do not necessarily imply the invalidity of a conviction. 512 U.S. at 487 & n.7, 114 S. Ct. at 2372–73. For example, due to "doctrines like independent source and inevitable discovery, . . . and especially harmless

error," a § 1983 claim for an unreasonable search or false arrest would not necessarily imply that a subsequent conviction was invalid. *Id.* As Plaintiff's false arrest claim would not invalidate his conviction, *Heck* does not bar the claim.

Accepting the facts alleged as true, as we must for purposes of this analysis, the Arresting Officers did not have probable cause to arrest Jones. Plaintiff alleges Arresting Officers fabricated a "flash zoned message" regarding the vehicle the Plaintiff was driving on November 6, 2007. (Compl. ¶ 3.) He contends it was impossible for such a message to go out from the unit that purportedly sent it, which was involved in another police matter. (*Id*. ¶ 6.) He claims that Arresting Officers first discovered that the vehicle Plaintiff was driving had been reported stolen after they had arrested him and taken him to the station. (*Id*. ¶¶ 10–11.) Plaintiff asserts that the notices Arresting Officers sent to the dispatcher explaining Plaintiff's detention were lies, and that Arresting Officers also fabricated their subsequent sworn testimony. (*Id*. ¶¶ 3, 6, 22, 24.) Based on the facts alleged, there was nothing known to the Arresting Officers at the time they pulled Plaintiff over that would have "reasonably support[ed] a belief that [he] ha[d] committed, [was] committing, or [was] about to commit a crime." *Holmes*, 511 F.3d at 679. Arresting Officers thus did not have probable cause to stop and arrest Plaintiff, and his false arrest claim survives Defendants' motion to dismiss.

**F. Failure to Intervene During False Arrest (Count II)**

Plaintiff also alleges that Assisting Officers "look[ed] on with a refusal to intercede" while Arresting Officers falsely arrested him. (Compl. ¶ 9.) "To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "To be personally

responsible, an official 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.'" *Johnson v. Snyder*, 444 F.3d 579, 583–584 (7th Cir. 2006) (quoting *Gentry*, 65 F.3d at 561). "'An official satisfies the personal responsibility requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights.'" *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)).

Based on the facts alleged in the Complaint, Assisting Officers' failure to stop the allegedly unconstitutional actions of Arresting Officers during the arrest was neither deliberate, nor reckless. Plaintiff alleges that "[a]s Cho proceeded with the restraint and search of the plaintiff officer Navia proceeded in searching the interior of the vehicle by flashlight as officers Brown and Valcanski looked on while idle." (Compl. ¶ 7.) Plaintiff does not allege that Assisting Officers knew that Arresting Officers were lying when they reported having received a "flash zoned message" as the basis for the search of Plaintiff's vehicle and the arrest. Without such knowledge, the conduct of Arresting Officers during the arrest would not appear unconstitutional and, thus, Assisting Officers bore no personal responsibility for the alleged deprivation of Plaintiff's constitutional rights. Accordingly, we dismiss Count II as to all relevant parties, including Assisting Officers.

## II. PLAINTIFF'S MOTION TO AMEND AND FOR OTHER RELIEF

Plaintiff recently filed a motion to amend his Complaint and for other miscellaneous relief. (Dkt. No. 68.) As briefly addressed below, we deny the motion.

In pertinent part, Plaintiff requests that we add Officers Brown, Valcanski, Webb, Chatys, and Poradzisz to the caption of the Complaint and order that they be served. (Dkt. No. 68, Pl.'s Mot. at 2 ¶ 4.) He also requests that we subpoena the last known addresses of Defendants Frohm and Lommatsch, presumably so they can be served as well. (*Id.* ¶ 6.) Finally, Plaintiff contends that the U.S. Marshals erred in being unable to execute service of the Complaint on two Defendants: the dispatcher for the Chicago Police Department and the non-existent state's attorney for the Chicago Police Department. (*Id.* at 10 ¶ 4 & 19 ¶ h.)

Generally, a motion for leave to amend is liberally granted. *See* Fed. R. Civ. P. 15. The decision to grant or deny a motion for leave to amend is "a matter purely within the sound discretion of the district court." *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991). Proper reasons for denying leave to amend include "undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the argument." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *see Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

We deny Plaintiff's motion here because it would be futile. Plaintiff's Complaint includes no discernible claims against Officers Webb, Chatys, and Poradzisz other than the allegation that they were part of the overall conspiracy to violate Plaintiff's civil rights. (Compl. ¶¶ 32–40.) We dismissed this claim as to all Defendants. *See supra* Part I.A. Additionally, there are no viable claims against Assisting Officers Brown and Valcanski and Defendants

Frohm and Lommatsch. *See supra* Parts I.A, F. Finally, there are no pending claims against the Chicago Police Department dispatcher. *See supra* Parts I.A–C. Granting Plaintiff leave to amend to add these parties to the caption to effectuate service would be futile, because they are not proper defendants to Count I, the only surviving claim.

Plaintiff also requests that we order the law library at his correctional facility to allow him at least three hours per week to research his claims. (Pl.'s Mot. at 27 ¶ 3.) According to Plaintiff, the library is "very over-crowded" and has "very limited material and references." (*Id.*) Obviously, the library serves many inmates. Plaintiff's situation is not so unique or urgent as to warrant special access to library resources, and we are unwilling to place him ahead of other inmates needing access to the library. We therefore deny his request for additional library access. For these reasons, Plaintiff's motion is denied in its entirety.

**CONCLUSION**

For the reasons stated above, we grant Defendants' motions—except that of the Arresting Officers—in their entirety (Dkt. Nos. 27, 56). We deny the Arresting Officers' motion (Dkt. No. 42) as to Count I but grant it as to Counts II through VII.[6] All that remains of this case is Count I against the Arresting Officers only. It is so ordered.

Honorable Marvin E. Aspen
U.S. District Court Judge

Date: November 23, 2010

[6] The remaining defendant Arresting Officers shall file their motion for summary judgment with supporting briefs at the next status court hearing on January 27, 2011. Additionally, Plaintiff's motion to amend is denied (Dkt. No. 68).